UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW JAY ANDRADEZ,

                        Plaintiff,

-against-

ORANGE COUNTY SHERIFF'S OFFICE;
ORANGE COUNTY JAIL,

                        Defendants.

**ORDER OF SERVICE**

20-CV-2050 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, currently detained in the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated March 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] On April 10, 2020, the Court issued an order, *inter alia*, dismissing certain defendants, directing the Orange County Sheriff's Office to identify the John Doe defendants, and directing Plaintiff to file an amended complaint naming the John Doe defendants within thirty days of receiving the identifying information. (Doc. 6, the "Order of Service"). On June 10, 2020, pursuant to the Order of Service, the Orange County Sheriff's Office filed and served a letter identifying the John Doe defendants. (Doc. 8). On June 29, 2020, Plaintiff filed an amended complaint again naming as Defendants the Orange County Sheriff's Office and the Orange County Jail, as well as Dep. Sheriff Timothy Mclaughlin and Deputy Sheriff Thomas Monahan, the identified John Doe Defendants. (Doc. 13).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## **STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at

555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.  Orange County Sheriff's Office and Orange County Jail

As the Court stated in the Order of Service, under New York law, the Orange County Sheriff's Office and the Orange County Jail may not be sued in their own names. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Again, Plaintiff's claims against the Orange County Sheriff's Office and the Orange County Jail must therefore be dismissed because city agencies or departments do not have the capacity to be sued under New York law.

In light of Plaintiff's *pro se* status and clear intention to assert claims against Orange County, the Court construes the complaint as asserting claims against Orange County, and directs the Clerk of Court to amend the caption of this action to replace the Orange County Sheriff's Office and the Orange County Jail with Orange County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

### B.  Service on Dep. Sheriff Timothy Mclaughlin and Deputy Sheriff Thomas Monahan

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

3

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Dep. Sheriff Timothy Mclaughlin and Deputy Sheriff Thomas Monahan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

4

Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the amended complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## **CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Orange County Sheriff's Office and the Orange County Jail. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add Orange County as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the addresses for Dep. Sheriff Timothy Mclaughlin and Deputy Sheriff Thomas Monahan, and deliver all documents necessary to effect service by mail to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to Orange County Attorney at: Orange County Government Center, 255 Main Street Goshen, New York 10924.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   New York, New York

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

July 1, 2020

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. Dep. Sheriff Timothy Mclaughlin
   Orange County Correctional Facility
   110 Wells Farm Road
   Goshen, New York 10924

2. Deputy Sheriff Thomas Monahan
   Orange County Correctional Facility
   110 Wells Farm Road
   Goshen, New York 10924